Nash, C. J.
 

 The petition is filed for the purpose of re-corering a legacy under Wm. Henderson’s will. The petitioner, Margaret Henderson, the widow of the testator, claims a child’s part of the property disposed of by the residuary clause. The clause of the will, set forth in the petition, is as follows : “ And the rest of my property, such as the stock, farming utensels, household and kitchen furniture, to be sold and equally divided among all my heirs, after paying for the said tomb-stones, with the exception of Chris-teny Henderson, to whom I have given one dollar, in full of all I intend to give her.”
 

 The petitioner Margaret insists that the word heirs, as used by the testator, means distributees, and that the divisioti is to be made under the Statute of Distributions, and she is entitled to one seventh part, as her share. The construction put upon the word “ heirs,” in the connection in which it stands, with the subject matter of the bequest, is correct.
 

 When it is used to denote succession, it may be understood, as in the case of a legacy to one and his heirs, to mean such person or persons, as would legally succeed to the property, according to its nature and quality. Williams Exr. 727. Corbitt v. Corbitt, decided at this term of the Court. But the main question, and perhaps the only one, is, did the testator mean to confine the succession to his
 
 *224
 
 i children, or did he intend it should be under the statute;?' We are of opinion,that, taking the other clauses of the will into consideration, his intention was to coniine it to his children; and that the- clatse in question does not embrace the -widow. In the construction of a testamentary paper, the •Court is bound to look to the whole will, as it is one; act— the ultimate disposition of the maker. In the second disposing clause, of the will, is the following bequest:
 
 “
 
 Also to ■my wife, Margaret Henderson, I loan, during her natural life, negro woman Milly, and after her death to be sold and .-■equally divided between all my
 
 heirs,
 
 except-Christeny Henderson.”
 

 Here the succession, after the death of the widow, is designated, as it is in the clause under which she is now claiming : the word heirs is used in both sections, ¡and must re-ceive the same construction in both, unless there is something apparent in the will to vary it. -In the disposition, in the second’clause, the testator could,not intend to include his wife, for the succession-could not-take place until after-her ■ death. By heirs, then, in this ..clause, he meant his, children shall take* except Christeny. The residuary claim begins and closes with.the same idea or intent. It begins.: ■“To Christeny Henderson, I give-one dollar, and the rest-o'f my property,. &c., and it closes with tkeNexception of Chris-;-teny. ’
 

 Who then were imthe mind of the testator ? Cle.arly, we ¡'think his children, who take as his next of kin, of whom ;the widow is not one, ¡and not under the Statute of Distributions, which would include her. .He had given his wife ¡all he intended her to take. If the word 7ieirs.had stood by itself, the widow-would have been included, but it is controlled by the manifest intention of the testator to confine the succession to his children as such, and not as destitute. The case of Corbitt v. Corbitt, decided at this Term, ..differs from this, The question there arises under the
 
 *225
 
 •will of Joseph Russell, the elapse of the will is as follows: “The balance of my property to be‘kept together •to the best advantage, for the purpose of raising and schooling my children, until my son William comes of ■age, and then to be equally divided between my
 
 lawful .heirs” '
 
 The Court decided that the widow was entitled to ¡her equal share with the children. The Court say the word heirs is not appropriate to tfce disposition of personal prop--erty; and where used in reference .to it, means those who take by ¡.law: that is, under the statute of distributions. This is the rule when there are no other words to give it a ■,-different meaning ; here,” say the Court, “the other words fix that to be the meaning, for it is put in opposition to chil-dren.” The testator, in the first part of the clause, speaks .of
 
 Ms children ;
 
 and when disposing- of his property, design-nates the succession by the word ‘heirs.’ In this case, there is no such opposition ; the word ‘ heirs ’ being alone used- ¡and, from the whole .context of the will, we are satisfied ■that, by the word heirs, the .testator meant his children as .such, and to confine the succession to them, as his next of .kin, and not as distributees -under the statute.
 

 There is no error in the opinion of the Court, and the ¿same is affirmed at the cost of the plaintiff.
 

 Judgment .affirmed.